No. 129.

BENJAMIN F. MARSHALL *v.* SIMS, BILLUPS & CO.

ON MERITS.

*For Syllabus, see page 223.*

N. B. This opinion should have appeared with that, in the same case, upon the motion to dismiss (see page 223), but, by an oversight, it was omitted.

*Appeal from Division D, Civil District Court, Parish of Orleans. Righton, Judge.*

*Cotton & Levy* for plaintiff.

*Hudson & Fearn* for defendants, appellants.

McGLOIN, J.—Plaintiff sues for one thousand dollars, as compensation for services in handling and managing cotton consigned to defendants, commission merchants, which services were rendered under the following contract:

"MOBILE, Ala., April 26th, 1879.

It is understood and agreed between ourselves and Mr. B. F. Marshall, that he shall do all he can to control consignments of cotton from responsible persons to our firm in New Orleans, for which he shall receive compensation at the rate of (50) fifty cents per bale. We to furnish the funds to manage the business he may control; and further, he is to devote his best energies and capacity in our office in New Orleans, especially to the management and handling of all consignments of cotton, for which they are to allow him a compensation to be agreed on hereafter. He is to pay his expenses of all kinds.

This contract to be in full force and effect till 1st June, 1880.

(Signed)    SIMS, BILLUPS & CO."

The answer admits the execution of the contract sued upon, but avers that the respondents were misled by untruthful representations of plaintiff, and by such misrepresentations induced to make this agreement; and that the false statements in question were that he would secure for defendants consignments of cotton, amounting to 7000 bales, whereas he only brought them 1814

bales. . They also set up that they did, during the period in question, a very limited business, reaching in all only 6154 bales of cotton; that plaintiff failed to travel in the rural districts, to solicit consignments, as he had promised to do, when endeavoring to induce defendants to enter into the contract; that he interfered with their business, and was an annoyance instead of a benefit, his pretended services being worth no more than what had been paid him, at the rate agreed upon, for the 1814 bales which he secured, making $907.00. It is further declared that of the consignments secured, one fell short of reimbursing advances thereon, in the sum of $361.05, and another in the sum of $2534 03, and that plaintiff was to secure consignments only from responsible parties, and therefore should return the fifty cents a bale paid him upon these two consignments, amounting in all to $206.50, for which judgment is demanded in reconvention.

This contract is a simple one, according to plaintiff the right to fifty cents per bale upon all the cotton he procured to be shipped to defendants, and a further sum, to be agreed upon, for services in the management and control of all cottons consigned to them. If the contract was secured by fraudulent misrepresentations, or was entered into by defendants under an error of fact, material in its nature, the resultant nullity necessarily affected the *whole contract*. The defendants' remedy, upon discovering the fraud, or mistake, was to repudiate the agreement entirely and refuse to act farther thereunder. This, however, they are not attempting, in this case, to do. They expressly declare that they abide by the same so far as the fifty cents per bale is concerned, except as to the particular consignments which they claim did not come from responsible parties. It is well settled that parties cannot demand the partial rescission of a contract, and that by approving a portion of a vicious contract, they approve the whole.

So, also, when persons, after discovering the vice of an agreement they have made, partially comply therewith, they waive objections to the whole, for, so soon as they ascertain

the vice, they have only an election, to refuse entirely further execution of the contract, or to disregard the objection and demand the enforcement of their agreement. They cannot preserve such portions of the same as they desire and destroy the remainder. He who, under such circumstances, chooses to enjoy the advan'ages of a convention must bear its burdens; and without the enforcement of the principles above laid down men might reap all the privileges of such agreements and deprive their opponents of every compensating advantage.

In this case, after knowing that plaintiff had not secured 7000 bales of cotton, as it is claimed that he had promised to do, defendants settled with him at fifty cents per bale upon what he did influence and retained him in their cotton room, managing their consignments. By this conduct and the pleadings resultant therefrom, they have waived their objections and estopped themselves from setting up the same.

The objection that plaintiff interfered with, or injured their business, shares the same fate, for if he in fact so did, defendants could have discharged him, and having failed so to do, they cannot deny him compensation for the services which he rendered, and which defendants, by knowingly retaining him, are estopped from declaring to have been worthless

So, also, the objection that plaintiff refused to travel for defendants, soliciting consignments. If he ought to have done so, under his agreement, defendants could have insisted upon his compliance therewith, and, if he refused, they might have discharged him. So long as they did not so insist, and did not discharge him, by acquiescence they are estopped from maintaining that the contract was violated.

Reaching, in this manner, a conclusion upon these questions, we have not considered it necessary to determine whether or not, having failed to insert in this written contract a stipulation binding plaintiff to procure 7000 bales, on consignment, defendants can be heard contending that this was a material fact, or element of the agreement; or whether its proof tended to vary the same. The evidence satisfied the judge a quo that

the sum claimed was a fair compensation for the services sued for, and we approve of his finding.

As to the demand in reconvention, the contract does not bind plaintiff as surety for the consignors whose cotton defendants received. Neither does it appear that defendants surrendered their own judgment or discretion entirely to plaintiff. On the contrary, the evidence shows that they did pass in judgment upon transactions of their agent, before accepting them, or advancing their money. If by too long a retention of these consignments, without sale, the costs, charges, interest, etc., added to the original advance, exceeded the ultimate value or proceeds of the cotton, this consequence is chargeable as much to the defendants as to their agent, the plaintiff herein, for they might at any time have exercised their right of control and ordered a sale.

Judgment affirmed.